ELMER H. AND LENA A. BOYLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyle v. Commissioner
Docket No. 326-79.
United States Tax Court
T.C. Memo 1980-123; 1980 Tax Ct. Memo LEXIS 462; 40 T.C.M. (CCH) 179; T.C.M. (RIA) 80123; April 17, 1980, Filed Elmer H. Boyle, pro se. Carolyn M. Parr, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1975 in the amount of $133.51 and determined an excise tax liability of $25.03. The questions presented for decision are: (1) whether petitioners are entitled to exclude $417.21 from income, which was distributed to petitioner Elmer H. Boyle from the retirement plan *465 of his former employer and "rolled-over" into an IRA account, and (2) whether petitioners are liable for the excise tax of six percent that is imposed by section 4973 [1] on "excess contributions" to an IRA. FINDINGS OF FACT Most of the facts in this case have been stipulated, and are found accordingly. Petitioners filed a timely Federal joint income tax return for the taxable year 1975. At the time the petition herein was filed, they resided in Potomac, Maryland. On November 14, 1975, Elmer H. Boyle (hereinafter petitioner) resigned from his position with Control Data Corporation, where he had worked for less than a year. While employed there, he was a participant in a qualified retirement plan in the form of a salary reduction plan sponsored by Control Data. Upon petitioner's resignation, he received a distribution of his salary reduction contributions to the Control Data retirement plan in the amount of $417.21. Subsequently during 1975, he opened an Individual Retirement Account (IRA) at a savings and loan association and deposited $417.21 in that account as a "roll-over" under section *466 402(a)(5) of the distribution received from Control Data, and excluded this amount from his gross income in 1975 under section 219. In addition, petitioner stipulated at trial that he became a member of another qualified pension plan during the latter part of 1975, namely, the plan of Pfizer Medical Systems. OPINION Respondent determined that petitioner's contribution of $417.21 to an IRA and exclusion of this amount from income for 1975 was erroneous. In addition, respondent determined that this amount was an "excess contribution" to an IRA with the result that the entire contribution is subject to a six percent penalty under section 4973. Generally, section 219 [2] provides that taxpayers may deduct amounts paid in cash to an IRA during the taxpayer year. However, section 219(b)(2)(A)(i) provides that no deduction for contributions to an IRA will be allowed for any individual for a taxable year, if for any part of such year he was an active participant in a plan described in section 401(a). During part of the year 1975, petitioner was an "active participant" in the Control Data profit sharing plan, a plan described in section 401(a), as construed by this Court in , *467 affd. . In addition, upon terminating that plan membership he became a participant in another qualified plan. On the basis of these statutes, it is clear petitioner could not establish an IRA in 1975. *468 Additionally, we must find that petitioner is not entitled to exclude the amount received from Control Data and "rolled over" into an IRA from his income. As in effect during 1975, section 402(a)(5)(A) [3] provided that in the event of a lump sum distribution of proceeds of a qualified plan made to a participant employee on account of his termination of employment, such distribution would not be included in gross income, if the taxpayer placed the distributed amount in an IRA on or before the sixtieth day after the date that the distribution was received. *469 However, section 402(e)(4)(H) [4] specifically provides that no amount distributed to an employee from a plan could be treated as a lump sum distribution (and thus eligible to be "rolled over" into an IRA) unless that employee had been a participant in the plan for five or more taxable years before the taxable year in which the distribution is made. Petitioner had not been a member of Control Data's qualified plan for even one year at the time the distribution was made to him, and thus he cannot be considered to be the recipient of a "lump sum distribution," within the meaning of section 402(e)(4)(A) and is therefore not eligible for the tax-free roll-over provided in section 402(a)(5)(A)(ii). *470 Petitioner contends that the issue herein is whether a taxpayer should be required to meet the requirements of a tax statute "that is not made known to him by the IRS * * * and is so obscure that the employees of the IRS are not aware of it." The record herein indicates that there was some confusion on the part of the Service as to why it found petitioner's distribution from Control Data to be ineligible for roll-over treatment. Indeed, as petitioner observed in his petition herein, he eventually discovered that the five-year rule prevented the roll-over, and informed the Service of the fact that he did not meet the five-year participation requirement. From September of 1976 to May of 1978, the Service contended that the Control Data plan was not a "qualified plan," and it was on this basis, rather than the basis of the five-year participation requirement, that petitioner's roll-over was being denied. However, the fact that Control Data's plan was at all times a qualified plan has now been stipulated. In May of 1978, two and one-half years after the roll-over had been made, petitioner became aware of the five-year participation requirement, and so informed the Service.Petitioner *471 points out that the employees with whom he had been dealing were well aware that he had been in Control Data's plan less than one year. He contends, in essence, that if they did not know of and try to enforce the five-year rule, then he should not be held accountable under it, especially since he had to bring it to their attention. It is indeed a sorry commentary on the complexity of the tax laws that petitioner had to first spend two frustrating years trying to convince the Service that his company's plan was qualified (which it was) only to discover yet another hurdle in the form of the five-year participation requirement, which, if asserted by the Service to begin with, would have settled the issue. Nevertheless, the law unequivocally precludes petitioner in 1975 from either establishing an IRA or rolling-over the distribution that he received from the Control Data plan.It is the law Congress enacted that determines petitioner's substantive tax liability, and the mistakes the Service made, while understandably nettlesome to petitioner, do not alter these rules. Se , affd. *472 (mistakes by agents of respondent do not preclude him from making a correct determination of a taxpayer's liability). See also . Finally, it is clear that the excess contributions penalty under section 4973 [5] is applicable on the facts before us. Although we sympathize with petitioner's claim that it is unfair to apply this penalty tax on top of the amount he owes because of his increase in taxable income, unfortunately for petitioner, section 4973 is a statutory penalty and we have no power to refuse to enforce it. See , affd. . *473 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 219. RETIREMENT SAVINGS. (a) DEDUCTION ALLOWED.--In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a), (2) for an individual retirement annuity described in section 408(b), or (3) for a retirement bond described in section 409 (but only if the bond is not redeemed within 12 months of the date of its issuance). For purposes of this title, any amount paid by an employer to such a retirement account or for such a retirement annuity or retirement bond constitutes payment of compensation to the employee (other than a self-employed individual who is an employee within the meaning of section 401(c)(1)) includible in his gross income, whether or not a deduction for such payment is allowable under this section to the employee after the application of subsection (b).
(b) LIMITATIONS AND RESTRICTIONS.-- (1) MAXIMUM DEDUCTION.--The amount allowable as a deduction under subsection (a) to an individual for any taxable year may not exceed an amount equal to 15 percent of the compensation includible in his gross income for such taxable year, or $1,500, whichever is less. (2) COVERED BY CERTAIN OTHER PLANS.--No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), (ii) an annuity plan described in section 403(a), (iii) a qualified bond purchase plan described in section 405(a), or (iv) a plan established for its employees by the United States, by a State or political division thereof, or any an agency or instrumentality of any of the foregoing, or (B) amounts were contributed by his employer for an annuity contract described in section 403(b) (whether or not his rights in such contract are nonforfeitable).↩
3. SEC. 402. TAXABILITY OF BENEFICIARY OF EMPLOYEES' TRUST. (a) TAXABILITY OF BENEFICIARY OF EXEMPT TRUST.-- * * *
(5) ROLLOVER AMOUNTS.-- (A) GENERAL RULE.--If-- (i) the balance to the credit of an employee in a qualified trust is paid to him in a qualifying rollover distribution, (ii) the employee transfers any portion of the property he receives in such distribution to an eligible retirement plan, and (iii) in the case of a distribution of property other than money, the amount so transferred consists of the property distributed, then such distribution (to an extent so transferred) shall not be includible in gross income for the taxable year in which paid.↩
4. Sec. 402(e) TAX ON LUMP SUM DISTRIBUTIONS.-- * * *
(4) DEFINITIONS AND SPECIAL RULES.-- * * *
(H) MINIMUM PERIOD OF SERVICE.--For purposes of this subsection (but not for purposes of subsection (a)(2) or section 403(a)(2)(A)), no amount distributed to an employee from or under a plan may be treated as a lump sum distributed under subparagraph (A) unless he has been a participant in the plan for 5 or more taxable years before the taxable year in which such amounts are distributed.↩
5. SEC. 4973. TAX ON EXCESS CONTRIBUTIONS TO INDIVIDUAL RETIREMENT ACCOUNTS, CERTAIN SECTION 403(b) CONTRACTS, CERTAIN INDIVIDUAL RETIREMENT ANNUITIES, AND CERTAIN RETIREMENT BONDS. (a) TAX IMPOSED.--In the case of-- (1) an individual retirement account (within the meaning of section 408(a)), (2) an individual retirement annuity (within the meaning of section 408(b)), a custodial account treated as an annuity contract under section 403(b)(7)(A) (relating to custodial accounts for regulated investment company stock), or (3) a retirement bond (within the meaning of section 409), established for the benefit of any individual, there is imposed for each taxable year a tax in an amount equal to 6 percent of the amount of the excess contributions to such individual's accounts, annuities, or bonds (determined as of the close of the taxable year). The amount of such tax for any taxable year shall not exceed 6 percent of the value of the account, annuity, or bond (determined as of the close of the taxable year). In the case of an endowment contract described in section 408(b), the tax imposed by this section does not apply to any amount allocable to life, health, accident, or other insurance under such contract. The tax imposed by this subsection shall be paid by such individual.↩